**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

H.A.H.L.,                                                                      :
                                                                               :
                         Petitioner,                                           :
                                                                               :
v.                                                                             :    Case No. 4:26-cv-320-CDL-ALS
                                                                               :
Warden, STEWART DETENTION                                                      :
CENTER, *et al.*,                                                              :
                                                                               :
                         Respondents.                                          :
_____

## ORDER AND RECOMMENDATION

Pending before the Court are Respondents' Motion to Dismiss Petitioner's

application for habeas corpus relief, and Petitioner's Motion for an expedited hearing.

(ECF Nos. 2, 6). For the following reasons, Petitioner's Motion for an expedited hearing

is denied, and it is recommended that Respondents' Motion to Dismiss be granted.

## BACKGROUND

The Court summarizes the relevant facts. Petitioner, a native and citizen of Iraq,

was granted lawful permanent resident status on November 12, 2013. (ECF No. 6-1, at 1

(citing ECF No. 6-2)). On August 8, 2023, Petitioner was convicted in the State Court of

DeKalb County, Georgia, for the offense of battery, and was "sentenced to twelve (12)

months with two (2) days in confinement." *Id.* (citing ECF No. 6-3). On April 15, 2025,

Petitioner was convicted in the Superior Court of Gwinnett County, Georgia, for the

offenses of homicide by vehicle and failure to maintain lane, and was "sentenced to twelve

(12) months with the first 180 days to be served in confinement" for the vehicular

homicide conviction, and "twelve (12) months probation" for the failure to maintain lane

conviction, consecutive. *Id.* (citing ECF No. 6-4).

On July 3, 2025, Petitioner entered the custody of Immigration and Customs Enforcement's Enforcement and Removal Operations. (ECF No. 6-1, at 1). On July 4, 2025, Petitioner was served with a Notice to Appear charging him with deportability under Immigration and Nationality Act section 237(a)(2)(A)(iii) due to his conviction for an aggravated felony. *Id.* (citing ECF No. 6-5). On October 6, 2025, the Department of Homeland Security ("DHS") served Petitioner with Form I-261, Additional Charges of Inadmissibility/Deportability. *Id.* at 2 (citing ECF No. 6-9). On November 5, 2025, DHS "served a second Form I-261," to further amend the charges against Petitioner. *Id.* (citing ECF No. 6-12).

On January 6, 2026, an Immigration Judge ordered Petitioner removed to Iraq. (Doc. 6-1, at 3 (citing ECF No. 6-17)). On February 10, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals ("BIA"). *Id.* (citing ECF No. 6-18). On February 17, 2026, Petitioner executed this federal habeas application. (ECF No. 1, at 4). On March 6, 2026, the BIA dismissed Petitioner's appeal of his removal order because his appeal of the removal order was untimely. (ECF No. 6-1, at 3 (citing ECF No. 6-19)).

On March 19, 2026, Respondents filed a Motion to Dismiss the habeas application, to which Petitioner filed a timely Response. (ECF Nos. 6, 9, 10). Briefing has concluded and Respondents' Motion to Dismiss is ripe for a recommendation.

## DISCUSSION

Respondents move to dismiss Petitioner's habeas application, contending that 1) Petitioner cannot state a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his claim is premature, and 2) even if the claim is not premature, Petitioner is not entitled to release under *Zadvydas*. (ECF No. 6, at 3-7). The Court agrees that Petitioner's application is premature. The Court also finds that, although not argued by Respondents,

Petitioner's original habeas application has become moot. The Court, therefore, recommends that Respondents' Motion to Dismiss be granted and that Petitioner's habeas application be dismissed as premature and moot. As a result, the Court does not address Respondents' additional argument.

## Petitioner's Habeas Application is Premature

Because a removal order has now become final, Petitioner's detention is governed by 8 U.S.C. § 1231(a). Under § 1231(a), "when an alien is ordered removed," the Attorney General "shall" remove the alien within ninety (90) days. 8 U.S.C. § 1231(a)(1)(A). This removal period begins to run on the latest of:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Detention during the ninety-day removal period is mandatory. *Id.* § 1231(a)(2)(A). Moreover, § 1231(a) allows for the continued detention of certain categories of aliens beyond this ninety-day removal period. It provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in [§ 1231(a)(3)].

*Id.* § 1231(a)(6).[1]

By its explicit terms, § 1231(a)(6) does not limit the length of detention for an alien detained under that section. In *Zadvydas*, however, the Supreme Court of the United

---

[1] Petitioner falls into this category by virtue of his aggravated felony convictions. 8 U.S.C. § 1227(a)(2)(A)(iii).

States applied the doctrine of constitutional avoidance to "read an implicit limitation into the statute[.]" 533 U.S. at 689. The Supreme Court held that § 1231(a)(6) authorizes post-removal-order detention only for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Id.* at 699-700. The Court recognized six (6) months as a presumptively reasonable period of time to allow the government to accomplish such removal. *Id.* at 701. The United States Court of Appeals for the Eleventh Circuit has explained that to be entitled to release under *Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (citation and quotation marks omitted); *see also Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[I]n order to state a claim under *Zadvydas* the alien . . . must show post-removal order detention in excess of six months [and] also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.").

Respondents argue that Petitioner's habeas application should be dismissed as premature because he has not shown post-removal order detention in excess of six (6) months as a result of becoming subject to a final order of removal after he filed this federal habeas application. (ECF No. 6, at 4). Respondents contend that, since Petitioner's removal order became final on March 6, 2026 when the BIA dismissed the appeal of his removal order, Petitioner is still within the ninety (90) day mandatory detention period. *Id*. The Court agrees. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."); *see also Akinwale*, 287 F.3d at 1052 ("This six-month

4

period thus must have expired at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*."). Such a claim is thus precluded by the plain language of the detention statute and by *Zadvydas*.

Further, although not asserted by Respondents, the Court finds that Petitioner's habeas application has become moot as a result of Petitioner becoming subject to a final order of removal. When Petitioner filed this habeas application, he was subject to mandatory detention under 8 U.S.C. § 1226(c) due to his conviction for an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner's *pro se* habeas application alleged violations of his due process rights. (ECF No. 1, at 2). "However, upon his removal order becoming final, the authority for Petitioner's detention switched from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a), rendering his pre-removal order due process claim for prolonged detention moot." *O.N.O. v. Warden, Stewart Det. Ctr.*, No. 4:24-cv-125-CDL-AGH, 2025 WL 2726052, at *2 (M.D. Ga. Aug. 20, 2025) (first citing *De La Teja v. United States*, 321 F.3d 1357, 1362-63 (11th Cir. 2003); and then citing *Lukaj v. McAleenan*, No. 3:19-cv-241-J-34MCR, 2020 WL 248724, at *1-4 (M.D. Fla. Jan. 16, 2020)), *adopted by O.N.O v. Warden, Stewart Det. Ctr.*, 2025 WL 2723540 (M.D. Ga. Sept. 24, 2025).

Nothing in Petitioner's Response to the Motion to Dismiss or his attached exhibits alters the Court's conclusion. Although Petitioner alleges without evidentiary support that he filed a motion to reopen, (*see* ECF No. 9, at 1), he did not include a copy of any such motion in his exhibits submitted in response to the Motion to Dismiss. (*See generally* ECF Nos. 9-1, 9-2, 10). Petitioner did submit a Federal Express tracking receipt for a package sent to the BIA on April 3, 2026, and received by the BIA on April 6, 2026. (ECF No. 9-1). But again, there is no indication what was included in the package, or to what the package related. Additionally, the BIA's order dismissing Petitioner's appeal of his

removal order explicitly instructed Petitioner that "any petition for review" of the BIA's dismissal order "must be filed with and received by the appropriate court of appeals within 30 days of" the BIA's decision, which was issued on March 6, 2026. (ECF No. 6-19, at 1). Petitioner does not allege that he filed such a petition at the United States Court of Appeals for the Eleventh Circuit. Consequently, "as Petitioner's due process claim for prolonged detention under 8 U.S.C. § 1226(c) is moot, and any claim under *Zadvydas* is premature, the Court recommends" that Respondents' Motion to Dismiss be granted. *O.N.O.*, 2025 WL 2726052, at *2.

Finally, although the Court previously deferred ruling on Petitioner's Motion for an expedited hearing (ECF Nos. 2, 5), because the Court now finds and recommends that Petitioner's habeas application be dismissed based on prematurity and mootness, Petitioner's Motion for an expedited hearing (ECF No. 2) is **DENIED as moot**.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Respondents' Motion to Dismiss (ECF No. 6) be **GRANTED** and Petitioner's application for habeas relief (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**. Petitioner's Motion for an expedited hearing (ECF No. 2) is **DENIED as moot**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. Any objection should be no longer than TWENTY (20) PAGES in length. *See* M.D. Ga. L.R. 7.4. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 20th day of May, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE